UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMAN MARCEL PATE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2375** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "E"(4)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Donna Phillips Currault ("Magistrate Judge") recommending the Court dismiss Plaintiff Norman Marcel Pate's ("Plaintiff") complaint without prejudice as frivolous, malicious, for failing to state a claim for which relief can be granted, and for seeking relief against immune defendants.[1] Plaintiff filed an objection.[2] For the following reasons, the Court adopts the Report and Recommendation.

## BACKGROUND

Plaintiff, proceeding pro se, filed a complaint against the State of Louisiana and Louisiana Attorney General Liz Murrill ("Murrill") in her official capacity (collectively, "Defendants") on September 30, 2024.[3] Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights during an April 2004 trial.[4] Specifically, Plaintiff alleges that in April of 2004 at 9 a.m., "the Assistant district attorney knowingly had the victim in the courtroom while the detective

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 1.
[4] *Id.*

1

was being questioned and cross-examined. Then the victim was called to testify afterwards."[5] Plaintiff adds that he "was denied due process" and his "rights to a fair trial."[6] Plaintiff alleges the "Assistant District Attorney offered [him] fifteen years in prison; [he] accepted, but five more was [sic] added to obtain [his] right to appeal."[7] Plaintiff's alleged injuries include a "broken nose, mental anguish, and emotional distress."[8] As relief, Pl. requests punitive damages of $20,000,000.[9]

The same day Plaintiff filed his complaint, Plaintiff filed an application to proceed in forma pauperis.[10] On October 8, 2024, the Magistrate Judge issued a responsive order and show cause order.[11] The Magistrate Judge began by summarizing Plaintiff's litigation history.[12] Plaintiff filed at least eight suits while incarcerated in 2004 and currently has several pending suits.[13]

The Magistrate Judge highlighted Plaintiff's suit filed in April of 2024 (the "April 2024 suit").[14] On April 17, 2024, Plaintiff filed a complaint containing allegations and claims similar to those presently before the Court.[15] In the April 2024 complaint, Plaintiff named Charles Gary Wainwright, an unknown Assistant District Attorney, and Powell Wingfield Miller as defendants.[16] Plaintiff asserted § 1983 claims for violations of his

---

[5] *Id.* at p. 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* at p. 5.
[9] *Id.*
[10] R. Doc. 2.
[11] R. Doc. 3.
[12] *Id.* at pp. 1-2.
[13] *E.g.*, *Pate v. Orleans Parish Criminal Sheriff's Office, et al.*, No. 04-2139, R. Doc. 2 (E.D. La. Sept. 2, 2004); *Pate v. La. State, et al.*, No. 24-836.
[14] R. Doc. 3 at p. 2.
[15] *Pate v. Wainwright, et al.*, No. 24-879, R. Doc. 3 (E.D. La. April 17, 2024).
[16] *Id.*

2

Fifth, Sixth, and Fourteenth Amendment rights.[17] Plaintiff alleged that on April 21, 2004 at 9 a.m.,

> The victim was present in the courtroom while the detective was being questioned and cross-examined, she was called to testify afterwards. . . . the D.A. offered me 5 years, I accepted, but my counsel allowed 5 more years to added on [sic] for a Crosby plea. On appeal no brief was filed on my behalf, nor was I given a copy.[18]

The Court dismissed Plaintiff's April 2024 suit with prejudice as time-barred and because the Plaintiff failed to allege the named defendants acted under the color of law.[19] Plaintiff did not appeal the dismissal.

After detailing Plaintiff's litigation history, the Magistrate Judge found Plaintiff was entitled to proceed in forma pauperis and explained her duty to "determine whether the complaint satisfies the requirements of the in forma pauperis statute."[20] From a review of Plaintiff's complaint, the Magistrate Judge concluded "this proceeding is duplicative" of the April 2024 suit "and thus considered malicious and subject to dismissal under § 1915(e)(2)(b)."[21] Accordingly, the Magistrate Judge ordered Plaintiff to show cause by November 12, 2024 why his complaint should not be dismissed.[22]

Plaintiff filed a response to the Magistrate Judge's show cause order on October 18, 2024.[23] Plaintiff stated that his complaint "has merit."[24] However, Plaintiff claimed he cannot "properly represent himself vis-à-vis the defendants to win a court case that does

---

[17] *Id.* at p. 3.
[18] *Id.* at p. 4.
[19] *Pate*, No. 24-879, R. Doc. 23 (E.D. La. August 28, 2024).
[20] R. Doc. 3 at p. 5.
[21] *Id.* at pp. 5-6.
[22] *Id.* at p. 6.
[23] R. Doc. 5.
[24] *Id.* at p. 1.

have merit if properly addressed and presented to the Court." This caused Plaintiff to request "that consideration and leniency be given."[25] Plaintiff prayed "that his complaints [sic] not be summarily dismissed as frivolous."[26]

On November 18, 2024, the Magistrate Judge filed a Report and Recommendation recommending that the Court dismiss Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B).[27] First, the Magistrate Judge recommended dismissal of Plaintiff's complaint because Defendants are immune to suit.[28] Second, the Magistrate Judge recommended dismissal of Plaintiff's complaint because Plaintiff's suit is "substantially similar" to Plaintiff's April 2024 suit and therefore is "malicious" under § 1915(e)(2)(B)(i).[29]

Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on November 27, 2024.[30] Plaintiff made no specific objection and instead asked for leave to amend his complaint "to name the unknown Assistant District Attorneys at the Plaintiff's preliminary examination, trial, and sentencing."[31] Additionally, Plaintiff asked "that his suit not be dismissed as duplicative of his prior April 2024 suit (Civil Action No. 24-879) . . . because in part Plaintiff was unable to name Assistant District Attorneys responsible for constitutional violations, alleged in his complaint."[32]

---

[25] *Id.*
[26] *Id.* at p. 2.
[27] R. Doc. 6.
[28] *Id.* at pp. 5-6.
[29] *Id.* at pp. 6-7.
[30] R. Doc. 8.
[31] *Id.* at p. 1.
[32] *Id.* at p. 2.

4

## **LEGAL STANDARD**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2) because Plaintiff is proceeding in forma pauperis. A court may sua sponte dismiss Plaintiff's complaint, or any portion of his complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted under § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact."[33] A complaint is malicious if it "is duplicative of prior federal court litigation."[34]

When screening a Plaintiff's complaint under § 1915, the standard for whether a Plaintiff failed "to state a claim upon which relief may be granted" differs slightly from the Rule 12(b)(6) standard. Both Rule 12(b)(6) and § 1915 demand dismissal if an in forma pauperis complaint fails to state a claim with "even an arguable basis in law."[35] Conversely, if the complaint raises an "arguable question of law" that the "court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate" while dismissal under § 1915 is not.[36]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[37] Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal.[38]

---

[33] *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)).
[34] *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993).
[35] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).
[36] *Id.* at 269-70.
[37] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[38] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[39] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[40]

## LAW AND ANALYSIS

### I. Defendants are immune from Plaintiff's suit.

Plaintiff named the State of Louisiana and Murrill as defendants in his complaint.[41] Plaintiff sued Murrill in her official capacity as Louisiana's Attorney General.[42] The Eleventh Amendment bars suits against a state "or any instrumentality thereof without the state's consent."[43] "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[44] "By statute, Louisiana has refused to waive its sovereign immunity and expressly bars suit against Louisiana or its agencies in any court other than a Louisiana state court."[45]

To state a claim under Section 1983, a plaintiff must allege that a person or entity deprived him of a federal right, was a state actor, and was acting under the color of law.[46] Under Section 1983, "a suit against a state official in his or her official capacity is not a

---

[39] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[40] *Cutrer v. McMillan*, 308 Fed. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[41] R. Doc. 1.
[42] *Id.* at p. 2.
[43] *Rodriguez v. Tex. Comm'n on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (first citing U.S. CONST. amend. XI; then *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).
[44] *Med RX/Sys., P.L.L.C. v. Tex. Dep't of State Health Servs.*, 633 Fed. App'x 607, 610 (5th Cir. 2016) (internal citations omitted) (first quoting *Howlett v. Rose*, 496 U.S. 356, 365 (1990); then *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).
[45] *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 832 (E.D. La. 2012) (citing La. R.S. § 13:5106).
[46] *See, e.g., James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

suit against the official but rather is a suit against the official's office" and is "no different from a suit against the State itself."[47] Accordingly, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[48]

Because Plaintiff's Section 1983 claim against Murrill is asserted against Murrill in her official capacity, Plaintiff fails to state a claim against Murrill. As Louisiana's Attorney General sued in her official capacity, Murrill is not a "person" under § 1983.[49] Furthermore, the Eleventh Amendment bars Plaintiff's claims for monetary relief against Murrill in her official capacity and the State of Louisiana.[50]

Defendants are immune from Plaintiff's claims. Thus, Plaintiff has failed to state a claim upon which relief may be granted and his complaint is dismissed pursuant to § 1915(e)(2)(B).

## II. Plaintiff's suit is malicious under Section 1915(e).

Plaintiff's suit is duplicative of his April 2024 suit and therefore malicious under § 1915(e). Although the suit now before the Court and Plaintiff's April 2024 suit feature different defendants, both suits stem from the same set of facts. Both suits arise out of an alleged violation of Plaintiff's civil rights that occurred in April of 2004 at 9:00 when an unnamed assistant district attorney allegedly allowed a victim to testify after the victim

---

[47] *Will*, 491 U.S. at 71 (first citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); then *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); and then *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)).
[48] *Id.*
[49] *Id.*
[50] *Rodriguez*, 199 F.3d at 280 (first citing U.S. CONST. amend. XI; then *Hans*, 134 U.S. at 15); *Med RX/Sys., P.L.L.C.*, 633 Fed. App'x at 610 (first quoting *Howlett*, 496 U.S. at 365; then *Will*, 491 U.S. at 71).

7

remained in a courtroom while a detective testified.[51] In both complaints, Plaintiff states that he accepted a plea agreement and that additional time was added to his sentence.[52]

This similarity of the factual allegations in both complaints leads the Court to conclude that the complaint now before the Court is duplicative and therefore malicious.[53] Therefore, dismissal is proper under § 1915(e)(2)(B)(i).

### III. The Court's dismissal is without prejudice.

In Plaintiff's objection to the Magistrate Judge's Report and Recommendation, Plaintiff seeks leave to amend his complaint to add additional defendants.[54] Because the Court's dismissal is without prejudice, Plaintiff may file a new complaint naming the parties Plaintiff wished to add to this suit as defendants.

### CONCLUSION

**IT IS ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation[55] and Plaintiff's complaint[56] is **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 15th day of January, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] R. Doc. 1 at pp. 3-4; *Pate*, No. 24-879, R. Doc. 3 at pp. 3-4.
[52] R. Doc. 1 at p. 4; *Pate*, No. 24-879, R. Doc. 3 at p. 4.
[53] *Pittman*, 980 F.2d 994.
[54] R. Doc. 8.
[55] R. Doc. 6.
[56] R. Doc. 1.